NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0473n.06

Case No. 19-5616

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

FILED
Aug 10, 2020
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| JOSE JAVIER GOMEZ-COLIN, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: GILMAN, DONALD, and LARSEN, Circuit Judges.

**BERNICE BOUIE DONALD, Circuit Judge.** The district court imposed two sentencing enhancements on Jose Javier Gomez-Colin (Gomez-Colin), which had the combined effect of raising his sentencing guidelines range from 70 to 87 months to 130 to 162 months. The sentencing guidelines apply the enhancements at issue based on the "sentence imposed" for a defendant's prior felony convictions. In Gomez-Colin's case, the enhancements were based on a 2009 conviction for child molestation in Georgia, but Gomez-Colin's 2009 conviction and sentence have an odd history. Initially, the Georgia court sentenced Gomez-Colin to 10 years' probation for the child-molestation conviction. However, after Gomez-Colin illegally reentered the country and violated his probation, the Georgia court sentenced him to 5 years in prison. After Gomez-Colin was sentenced in federal court for illegal reentry, however, the Georgia court "set aside" its 5-year sentence.

On appeal, Gomez-Colin argues, as he did below, that his "set aside" sentence should be treated like a suspended sentence and thus the enhancements should be less severe under the guidelines. Because the guidelines and the Georgia court treat "set aside" and suspended sentences differently, however, we AFFIRM the district court in its interpretation of the guidelines at issue. Next, Gomez-Colin argues for the first time on appeal that he never served any time on the child molestation conviction and thus is entitled to a remand based on our precedent. On this ground, we also AFFIRM the district court because the evidence shows that Gomez-Colin did serve time for the child-molestation conviction.

## I. BACKGROUND

### A. Statement of Facts

Jose Javier Gomez-Colin (Gomez-Colin) is a native citizen of Mexico. At some point prior to May 2008, he entered the United States and became a lawful permanent resident. In 2009, Gomez-Colin was convicted of child molestation in Georgia and sentenced to probation for 10 years. The government ordered him removed and deported him from the United States in July 2010. He returned to the United States illegally, and police in Alabama arrested him in March 2011. Alabama transferred custody of Gomez-Colin to Georgia, where, in July 2011, he admitted to violating the conditions of his probation on the child-molestation conviction. The Georgia court then sentenced Gomez-Colin to 5 years' imprisonment, suspended the rest of his probation, and then "remanded [Gomez-Colin] back into the custody of the sheriff's department." In January 2012, Gomez-Colin pleaded guilty to illegal reentry in the United States District Court for the Middle District of Alabama, and the court sentenced him to 57 months' imprisonment with 36 months' supervised release to follow.

After receiving the federal sentence, Gomez-Colin petitioned the Georgia court to reconsider his sentence for the probation violation. The Georgia court ordered "that the judgment entered on July 7, 2011 be set aside and [Gomez-Colin] be remanded to the custody" of the United States. After Gomez-Colin served his sentence on the illegal reentry charge, the government again deported him back to Mexico.

While still on supervised release for illegal reentry, Gomez-Colin returned to the United States again, and, in March 2018, he pleaded guilty in Tennessee state court to engaging in sexual activity with the intent to have a minor view his conduct. At the same time, the federal government indicted Gomez-Colin for illegal reentry in the United States District Court for the Eastern District of Tennessee, and the government issued a warrant for Gomez-Colin's violation of his conditions of supervised release for the initial illegal-reentry charge. Gomez-Colin subsequently pleaded guilty to the latest illegal-reentry charge.

**B. The Sentencing Guidelines**

Under the sentencing guidelines for illegal-reentry offenses, there are a number of enhancements for prior felony convictions and sentences imposed. Relevant here, U.S.S.G. § 2L1.2(b)(2) provides as follows:

> (Apply the Greatest) If, before the defendant was ordered deported or ordered removed from the United States for the first time, the defendant engaged in criminal conduct that, at any time, resulted in—
>
> > (A) a conviction for a felony offense (other than an illegal reentry offense) for which the sentence imposed was five years or more, increase by 10 levels; . . .
> >
> > (D) a conviction for any other felony offense (other than an illegal reentry offense), increase by 4 levels . . . .

The notes explain that "'[s]entence imposed' has the meaning given the term 'sentence of imprisonment' in Application Note 2 and subsection (b) of § 4A1.2. The length of the sentence

imposed includes any term of imprisonment given upon revocation of probation . . . ." U.S.S.G. § 2L1.2(b)(2) cmt. n.2.

In addition, § 4A1.1 provides for additional points to someone's criminal-history category when that person has a prior "sentence of imprisonment," with the number of points depending on the length of the sentence. U.S.S.G. § 4A1.1. Sentencing courts "[a]dd 3 points for each prior sentence of imprisonment exceeding one year and one month" but only "1 point for each prior sentence" that did not last "at least sixty days." *Id.* The notes explain that "[t]he term 'sentence of imprisonment' is defined at § 4A1.2(b)." *Id.* at cmt. n.1. Thus, both "sentence imposed" in § 2L1.2(b)(2) and "sentence of imprisonment" in § 4A1.1 have the same meaning, and that meaning is given in § 4A1.2(b).

Section 4A1.2(b) says that "[t]he term 'sentence of imprisonment' means a sentence of incarceration and refers to the maximum sentence imposed." U.S.S.G. § 4A1.2(b)(1). However, "[i]f part of a sentence of imprisonment was suspended, 'sentence of imprisonment' refers only to the portion that was not suspended." U.S.S.G. § 4A1.2(b)(2). The notes also give us some guidance: "To qualify as a sentence of imprisonment, the defendant must have actually served a period of imprisonment on such sentence. . . . [C]riminal history points are based on the sentence pronounced, not the length of time actually served. See § 4A1.2(b) (1) and (2)." U.S.S.G. § 4A1.2 cmt. n.2.

There are several other notes that do not address our direct issue but may be helpful nonetheless. Note 6 explains that "[s]entences resulting from convictions that (A) have been reversed or vacated because of errors of law or because of subsequently discovered evidence exonerating the defendant, or (B) have been ruled constitutionally invalid in a prior case are not to be counted." *Id.* at cmt. n.6. Note 10 explains that "[a] number of jurisdictions have various

procedures pursuant to which previous convictions may be set aside or the defendant may be pardoned for reasons unrelated to innocence or errors of law . . . . Sentences resulting from such convictions are to be counted." *Id.* at cmt. n.10.

### C. Sentencing

At the sentencing hearing, the district court handled sentencing for the illegal-reentry conviction and the violation of supervised release at the same time. The court sentenced Gomez-Colin to 18 months' imprisonment for the violation of supervised release. Gomez-Colin is not appealing that sentence. For the illegal-reentry conviction, the parties disagreed on the proper guidelines range based on how the court should treat Gomez-Colin's sentence for child molestation, including the 5 years' imprisonment (later "set aside"), which the Georgia court imposed on Gomez-Colin for violating his probation. The government calculated a guidelines range of 130 to 162 months based on a Criminal History Category VI, which was calculated by including three criminal-history points for the child-molestation conviction, and a ten-level enhancement to his total offense level for the same conviction. Gomez-Colin argued that his 5-year sentence should not count because it was set aside, and, as a result, his criminal-history category should have been Category V (based on adding only 1 point under § 4A1.1 rather than 3 points), and his total offense level should have been 6 points lower (based on applying a 4-point enhancement rather than a 10-point enhancement under § 2L1.2(b)(2)). The parties agree that, if Mr. Gomez-Colin is correct in his interpretation of how the court should treat the "set aside" sentence, then his guidelines range would have been 70 to 87 months' imprisonment.

The district court agreed with the government, finding that the 5-year sentence counts under the guidelines because the sentence was merely "set aside" and not suspended. Thus, the court found that the advisory guidelines range is 130 to 162 months. The court then imposed a

sentence of 144 months. The court ran the sentence concurrent to the supervised-release violation and the sentence in Tennessee for the charge of engaging in sexual activity with the intent to have a minor view his conduct.

Gomez-Colin challenges the district court's interpretation of the guidelines and calculation of his guidelines range in this appeal.

## II. ANALYSIS

On appeal, Gomez-Colin makes two arguments, one he made below and one that he did not. First, Gomez-Colin argues, as he did below, that because the Georgia sentence was "set aside" in a unique way, we should treat it like a suspended sentence under the guidelines. *See* U.S.S.G. § 4A1.2(b)(2) ("If part of a sentence of imprisonment was suspended, 'sentence of imprisonment' refers only to the portion that was not suspended."). More specifically, he argues, "The district court erroneously concluded that it should operate as if Mr. Gomez-Colin had been ordered to serve a 5-year sentence, merely because the Georgia Superior Court used the phrase 'set aside' instead of suspended.' The guidelines are not susceptible to this degree of formalism." Gomez-Colin also argues, for the first time, that he never served a single day of the 5-year sentence, and thus, under the guidelines, we cannot count his 5-year sentence at all. *See* U.S.S.G. § 4A1.2 cmt. n.2. ("To qualify as a sentence of imprisonment, the defendant must have actually served a period of imprisonment on such sentence."); *United States v. Chatmon*, 565 F. App'x 345, 350-51 (6th Cir. 2014).

### A.    Standard of Review

The parties dispute the proper standard of review. The government argues that we should treat this case as a procedural-reasonableness challenge, which is ordinarily subject to an abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 41 (2007). The government,

however, argues that Gomez-Colin is making a new challenge that was not raised below, so his claim should be reviewed for plain error. *See United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc). On the other hand, Gomez-Colin argues that we should treat this case as a challenge to the district court's interpretation of the sentencing guidelines and thus review de novo. *See United States v. Graham*, 275 F.3d 490, 513-14 (6th Cir. 2001). He also replies to the government's arguments for plain-error review by noting that he both raised "this precise objection below" and that, even if his objection was not specific enough, our precedent holds that a broad objection to the application of the sentencing guidelines would suffice to preserve his claim. *See United States v. Prater*, 766 F.3d 501, 506-07 (6th Cir. 2014).

Both parties are partially correct in our view. For Gomez-Colin's argument that we should treat his set-aside sentence like a suspended sentence under the guidelines, the Court reviews de novo. Gomez-Colin made this argument below. Further, he is not making a typical procedural-reasonableness argument, but instead he is challenging the district court's interpretation and application of the guidelines. "We review a district court's interpretation and application of the Guidelines de novo, but limit our review of its factual findings to determine whether they were clearly erroneous." *Graham*, 275 F.3d at 513-14. As such, the Court reviews this claim de novo.

For Gomez-Colin's second argument—that because he allegedly never served any time on his 5-year sentence, his sentence cannot count under the guidelines—the Court applies plain-error review. He did not make this claim below despite his current arguments to the contrary. In *United States v. Prater*, the Court explained that "[t]o preserve a claim and thus avoid plain-error review, a party must 'objec[t] to the court's action' and also provide 'the grounds for that objection.'" 766 F.3d at 506 (quoting Fed. R. Crim. P. 51(b)). "The requirement that the specific ground for objection be made clear is to afford the trial judge an opportunity to remedy any claimed error and

to afford the government an opportunity to come forward with evidence relative to the claim." *Id.* (internal quotation marks and citations omitted). Here, Gomez-Colin did not provide the current ground for his objection to the district court, and the government was not given an opportunity to rebut his claim with evidence below. The Court, therefore, reviews his second argument under the plain-error standard.

### B. Set-Aside Versus Suspended

Because the Georgia court did not suspend Gomez-Colin's 5-year sentence, the district court correctly calculated Gomez-Colin's enhancement for the 5-year sentence, criminal history category, and, thus, his guidelines range. We review this claim de novo. *Graham*, 275 F.3d at 513-14. Under the guidelines, "[i]f part of a sentence of imprisonment was suspended, 'sentence of imprisonment' refers only to the portion that was not suspended." U.S.S.G. § 4A1.2(b)(2). Here, the Georgia court "set aside" Gomez-Colin's 5-year sentence rather than suspending the sentence. Gomez-Colin asked the district court and now asks this Court to find that the "set aside" order was really just a misnamed "suspens[ion]" of the sentence.

The guidelines and the Georgia court, however, treat "set aside" and "suspended" differently. Although Note 10 to § 4A1.2 deals with convictions rather than sentences, the language is useful because it shows that the guidelines draw a distinction between setting something aside and suspending something: "A number of jurisdictions have various procedures pursuant to which previous convictions may be set aside or the defendant may be pardoned for reasons unrelated to innocence or errors of law . . . . Sentences resulting from such convictions are to be counted." U.S.S.G. § 4A1.2 cmt. n.10. Suspended sentences (or at least the portions that are suspended), on the other hand, do not count as sentences of imprisonment, § 4A1.2(b)(2),

whereas convictions "set aside . . . for reasons unrelated to innocence or errors of law" still do. *Id.* at cmt. n.10. As such, the guidelines treat "set aside" and "suspended" differently.

The Georgia court clearly knew that it could use the term "suspended," but it chose to use "set aside" in the order at issue. When the Georgia court initially imposed the 5-year sentence on July 7, 2011, it also "suspended" the balance of Gomez-Colin's probation. Despite the recent suspension of part of Gomez-Colin's probation, the Georgia court, when revising that decision, "set aside" the 5-year sentence rather than suspending it. The Court will not go back now and substitute the language used by the Georgia court.

Because the district court correctly determined that Gomez-Colin's sentence had not been suspended, the court correctly imposed a 10-point enhancement to his crime and a 3-point increase to his criminal-history category.

## C.    Never Served Any Time

On appeal, Gomez-Colin argues for the first time that he did not serve any time on his conviction for violating his probation for child molestation in Georgia, and thus the sentence should not have counted as a "sentence imposed" or "sentence of imprisonment." Note 2 to § 4A1.2 explains that "[t]o qualify as a sentence of imprisonment, the defendant must have actually served a period of imprisonment on such sentence." U.S.S.G. § 4A1.2 cmt. n.2. In *United States v. Chatmon*, the Court wrote, "This provision is unambiguous. A sentenced imposed—but one for which the defendant does not serve time, perhaps because of suspension or stay—does not count as a 'sentence of imprisonment' for criminal-history purposes." 565 F. App'x at 349. In *Chatmon*, the Court also explained that the government has the burden of proving that the defendant had actually served time. *See id.* at 353. Unlike in this case, in *Chatmon*, the defendant disputed whether he actually served any time in prison at the district court level. *Id.* at 351.

Based on Note 2 and *Chatmon*, Gomez-Colin's argument is simple: he did not serve any time on his 5-year sentence (or at least the government has not proven that he did) because the sentence was "set aside," and thus the enhancements should have been reduced. Gomez-Colin cobbles together the statements of the district court and the government below to make his case. Gomez-Colin cites the following statement from the district court to argue that the court found that he had not served any time: "[The Georgia Court] didn't wipe the slate clean. He just said, don't serve any -- I'm not going to have you serve any time, because you're facing 57 months [in federal court]." Meanwhile, before the district court, the government stated, "Your Honor, as you pointed out, the defendant, his prior five-year sentence was simply -- the judge simply ordered that he did -- was not required to serve that sentence. That was a sentence imposed on him, but it was, as they said, set aside."

The government disputes that Gomez-Colin did not serve any time on his 5-year sentence. First, the government points us to the Georgia court's order on July 11, 2011, when the court announced that Gomez-Colin's "five years of [] probation is revoked to serve in the state penal system" and it "remanded [him] back into the custody of the sheriff's department." Next, the government argues that Gomez-Colin must have been in custody serving time on this sentence from July 2011 until October 2012 because the sentence was not "set aside" until October 3, 2012. At the same time, the Georgia court also "remanded [Gomez-Colin] to the custody of the United States." Finally, the government asks us to take judicial notice of several documents from Gomez-Colin's proceedings in the Middle District of Alabama. One shows that Gomez-Colin moved "to receive credit for the time spent in [the state of Georgia's] custody as credit towards his federal sentence." The other shows the district court denying that motion, noting that "Mr. Gomez-Colin

requests that this court issue an order directing the Bureau of Prisons to calculate his time spent in the custody of the State of Georgia as a credit toward his federal sentence."[1]

As previously discussed, we should apply plain-error review to this issue. Under plain-error review, Gomez-Colin must "show (1) error (2) that was obvious or clear, (3) that affected defendant's substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc) (internal quotation marks and citations omitted). Here, Gomez-Colin's claim fails because he cannot show that any error "affected [his] substantial rights." *See id.* Taking all the evidence, including the documents that the government submitted for judicial notice, into account, it is clear that Gomez-Colin did serve some time in Georgia custody for child molestation. Thus, even if the district court erred by saying that Gomez-Colin had not served any time and assessed the enhancement any way, that error was not plain because it does not affect Gomez-Colin's substantial rights as the evidence shows that he did serve time in Georgia on the child molestation conviction.

On July 7, 2011, the Georgia court announced Gomez-Colin's sentence for violating his probation on his child-molestation conviction from 2009. The Georgia court revoked his probation and ordered Gomez-Colin to serve "five years of [his] probation . . . in the state penal system." The Georgia court then "remanded [Gomez-Colin] back into the custody of the sheriff's department." Nine months later, on March 14, 2012, Gomez-Colin noted, in his motion for the Georgia court to reconsider his sentence, that "[o]n or about July 7, 2011 [his] probation was

---

[1] We hereby GRANT the motion to take judicial notice of these documents. Although we do not normally consider documents that were not considered below, here, Gomez-Colin did not raise the argument below, so the government was not given "an opportunity to come forward with evidence relative to the claim." *See Prater*, 766 F.3d at 506. Further, Gomez-Colin has not objected to our consideration of these documents. As such, we will consider these documents in reaching our decision.

modified and [he] was ordered to serve five year [sic] in the penitentiary and the balance of probation was suspended." On October 3, 2012, the Georgia court set aside its 5-year sentence for Gomez-Colin, noting that it was just now remanding him "to the custody of the United States." Furthermore, the PSR shows that Gomez-Colin was not in custody for some other offense in Georgia.[2] Finally, the evidence from the government's motion for judicial notice is persuasive. In December 2013, after Gomez-Colin had been given over to the custody of the United States, he moved in federal court "to receive credit for the time spent in [the state of Georgia's] custody as credit towards his federal sentence." As such, the evidence shows that Gomez-Colin served time in prison in Georgia for child molestation.

Because the evidence shows that Gomez-Colin did serve time in prison in Georgia for child molestation, *Chatmon* offers no substantive relief to Gomez-Colin. Because he cannot show that he will receive any relief below for the claimed error, any such error by the district court did not substantially affect Gomez-Colin's rights.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's sentence of Gomez-Colin.

---

[2] By July 2011, Gomez-Colin was not on probation or facing charges for any crimes in Georgia except his child-molestation charge. For his December 2009 conviction for public indecency, Gomez-Colin faced 12 months' probation, which was served concurrently to his 10 years' probation for child molestation. In July 2011, more than a year after December 2009, Gomez-Colin was off probation for public indecency. Likewise, Gomez-Colin was off probation for his April 2009 DUI conviction. He faced 4 months' imprisonment and 8 months' probation for the April 2009 DUI, but, again, more than a year passed between April 2009 and July 2011, so Gomez-Colin was not on probation or imprisoned for any other Georgia charges at the time that he was in Georgia custody from July 2011 to October 2012. Likewise, he has no other arrests during this time period in 2011-2012.